UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH )<br>OF ONE BLUE VERBATIM USB )<br>DRIVE OBTAINED FROM MARC )<br>JACQUES NOW IN THE CUSTODY )<br>OF U.S. PROBATION & PRETRIAL )<br>SERVICES, 55 PLEASANT STREET, )<br>CONCORD, NEW HAMPSHIRE ) | Case No. 24-mj-277-01-AJ |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Shawn Serra, a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, being duly sworn, do depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant authorizing a search of a blue Verbatim flash drive obtained from Marc Jacques and currently in the custody of U.S. Probation & Pretrial Services, 55 Pleasant Street, Room 211, Concord, New Hampshire 03301 ("the Device"). I seek authority to seize and search the Device and extract from it electronically stored information that constitutes evidence, fruits, and instrumentalities of criminal violations which relate to the possession of child pornography, as described in Attachment B.

2. Since June 2005, I have served as an HSI Special Agent, and I am currently assigned to HSI Resident Office in Manchester, New Hampshire. As part of my regular duties as a special agent, I investigate criminal violations related to online sexual exploitation of children. I have received training in the areas of child sexual exploitation including, but not limited to,

possession, distribution, receipt, and production of child pornography, and interstate travel with intent to engage in criminal sexual activity, by attending a twenty-three-week training program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. I have completed a six-week basic computer evidence recovery training (BCERT). Additionally, I am recognized as at Certified Forensic Computer Examiner (CFCE) the International Association of Computer Investigative Specialists (IACIS) and hold the SANS Global Information Assurance Certification (GIAC) certifications Certified Forensic Examiner (GCFE) and GIAC Advanced Smartphone Forensics (GASF). I am also a member of the New Hampshire Internet Crimes Against Children (ICAC) Task Force, which includes numerous federal, state and local law enforcement agencies, which conducts proactive and reactive investigations involving online child exploitation. In the course of investigating crimes related to the sexual exploitation of children, I have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in various forms, including, but not limited to, print, video, and digital/computer media.

3. I am a "Federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

4. The information contained in this affidavit is based on information conveyed to me by other law enforcement officials, and my review of records, documents and other physical evidence obtained during this investigation. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have set forth all material information but have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and

instrumentalities of violations of the Specified Federal Offenses are presently located on the Device.

5. I submit that the facts set forth in this affidavit establish probable cause to believe that violations of 18 U.S.C. §§ 2252A(a)(5)(B) (possession of child pornography) have been committed by Marc Jacques and that there is probable cause to believe that evidence and fruits, and instrumentalities of violations of that crime, as set forth below, will be found on the Device.

**STATUTORY AUTHORITY**

6. This application is part of an investigation into Marc Jacques for the alleged knowing possession of child pornography. 18 U.S.C. § 2252A(a)(5)(B) prohibits a person from knowingly possessing any child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

**DEFINITIONS**

7. "Child pornography" includes any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where (A) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct; (B) the visual depiction was a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct; or (C) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct. 18 U.S.C. § 2256(8).

8. "Sexually explicit conduct" is defined by 18 U.S.C. § 2256(2)(A) as "actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal . . .; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person."

9. "Child Erotica," as used herein, means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, legally obscene or that do not necessarily depict minors in sexually explicit conduct.

10. "Minor" means any person under the age of 18 years. 18 U.S.C. § 2256(1).

11. "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image; and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format. 18 U.S.C. § 2256(5).

**PROBABLE CAUSE**

12. On October 23, 2024, Supervisory U.S Probation Officer, Scott M. Davidson of the United States Probation and Pretrial Services (USPPS) in the District of New Hampshire, provided your affiant with the following information.

13. On March 18, 2024, Marc Jacques pled guilty to Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) & (b)(1) in case number 1:24-cr-00019-PB-TSM. On September 9, 2024, the Court sentenced Marc Jacques to a 60-month term of imprisonment, followed by 5 years of supervised release. The Court ordered Jacques to surrender to the Bureau of Prisons on or before December 2, 2024. The Court re-imposed the bail conditions set forth in the Order Setting Conditions of Release, docket number 7 in 1:24-cr-00019-PB-TSM.

14. As part of his bail conditions, the defendant was ordered:

    a. To refrain from the possession or use of a computer, electronic communication or data storage device or media, or any internet capable media device unless preapproved by the supervising officer and submit to the examination of any device owned or under the control of the defendant.

    b. To have no access to the internet unless preapproved by the supervising officer.

    c. To have computer monitoring software installed on any approved device which would be subject to periodic and unannounced examination by the supervising officer.

15. Per the defendant's probation officer, the defendant sought authorization to possess and use three devices: one personal laptop; one work laptop; and one cell phone. Probation approved this request and installed monitoring software on all three devices at the outset of his supervision.

16. IPPC software is the name of a software company contracted by the United States Probation Office to conduct computer monitoring of persons under supervision. The company employs staff and uses software to monitor certain activity that may be captured by a monitored computer (the "monitoring software"), and it populates an online database with content such as screenshots for U.S. Probation Officers to view. IPPC monitoring software was installed on Jacques' three approved electronic devices.

17. As laid out in more detail below, on August 10, 2024, at approximately 11:02 p.m., the monitoring software captured screenshots of Jacques accessing sexually explicit videos

of suspected child pornography.[1] One image depicted what appeared to be a pubescent female, with minimal breast tissue, wearing a mask, and being digitally penetrated by an unknown male. At approximately 11:07 p.m., another image appeared to depict a prepubescent female with no visible breast development and no visible pubic hair being anally penetrated by an unknown male.

18.     The screenshots showed that the defendant accessed the videos from a drive listed in the Windows explorer file directory as "STORE N GO," or "(D:)" drive.  Based on my training and experience, this drive appears to be a secondary or external drive, such as an external hard drive, USB drive, or flash drive. The file directory showed that the "STORE N GO" drive contained subfolders labeled "pics" and "vids."  Jacques' probation officer was not aware of and had not authorized Jacques to possess or use any media storage devices such as hard drives or USB drives.

19.     On September 16, 2024, IIPC software captured additional screenshots of sexually explicit videos of suspected child pornography.[2]  At approximately 10:33 a.m., one image depicted a pubescent female nude from the waist up who appeared to have semen on her chest.  Another screenshot from 10:35 a.m. depicted a nude, pubescent female seated with her legs spread and appearing to digitally penetrate her vagina.  Both of these images have the same distinctive watermark across the bottom of the image file which reads, in part, "BatMagz747."  A Google search for "BatMagz747" returned results associated with numerous links to Telegram,

---

[1] Although the software captured this activity on August 10, 2024, the Probation Officer did not review it and was not aware of it until on or about October 16, 2024.  The United States Attorney's Office was notified of this activity on October 16, 2024.

[2] Although the software captured this activity on September 16, 2024, the Probation Officer did not review it and was not aware of it until on or about October 16, 2024.  The United States Attorney's Office was notified of this activity on October 16, 2024.

which is an encrypted messaging platform commonly used for sharing child exploitation material.

20. On October 15, 2024, the United States Attorney's Office contacted the defendant's probation officer to discuss the defendant's conditions of release.[3] On October 16, 2024, the probation officer met with Marc Jacques at his residence. During that meeting, the probation officer stated that he was aware that the defendant had possessed and used an unauthorized flash drive. The probation officer further explained that the monitoring company had identified sexually explicit videos and images that required further examination. Jacques admitted to the probation officer that he possessed an unauthorized flash drive and that he knew of the sexually explicit content on the flash drive. Jacques denied that the flash drive contained any illegal images. Jacques surrendered the flash drive to the probation officer.

21. The probation officer subsequently conducted a preliminary review of the flash drive. During the review, the probation officer reviewed a video file that appeared to match the screen shot documented by the IIPC software on September 16 at 10:35 a.m. The video depicted a nude, pubescent female who identifies herself by name and states that she is thirteen years old. She is seated on the floor with her legs spread and appears to manually stimulate her vagina. The female speaks to the camera and requests that she not be "exposed" or "outed" for presumably sending sexually explicit images.

22. I have reviewed the IIPC software's screenshot associated with the video described in Paragraph 21 above. Based on my training and experience, the appearance of the female depicted in the video is consistent with her stated age.

---

[3] The probation officer's review of the IIPC monitoring reports from August and September was evidently prompted by this contact.

## CONCLUSION

23.     Based on the foregoing, there is probable cause to believe contraband, evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography) will be found on the Devices described in Attachment A. I respectfully request that this Court issue a search warrant for the Devices, authorizing the seizure and search of the items described in Attachment B.

/s/ Shawn Serra
Special Agent Shawn Serra
Department of Homeland Security
Homeland Security Investigations

    The affiant appeared before me by telephonic conference on this date pursuant to Fed. R. Crim. P. 4.1 and affirmed under oath the content of this affidavit and application.

Date: **Oct 23, 2024**

Time: **5:00 PM, Oct 23, 2024**

Andrea K. Johnstone
United States Magistrate Judge
District of New Hampshire

# ATTACHMENT A

The property to be seized and searched includes a blue, Verbatim USB drive seized from Marc Jacques on October 16, 2024, by a U.S. Probation Officer, and currently in the custody of U.S. Probation and Pretrial Services, 55 Pleasant Street, Room 211, Concord, New Hampshire 03301 ("the Device"). The image below depicts the Device.



This warrant authorizes the seizure and forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

All records on the Device described in Attachment A that relate to violations of 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography) including:

1. In any format and medium, all originals, computer files, and copies of child pornography as defined in 18 U.S.C. § 2256(8), child exploitation material, visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2), images or videos of children showering or using the bathroom, or child erotica.

2. Any and all documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs, electronic messages, and other digital data files), pertaining to use or ownership of the Device described above.

3. Any and all documents, notes, and any other records that relate to the sexual abuse or exploitation of children or that are reflective of a sexual interest in children.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.